367 F.Supp.2d 696 (2005)
In re CHRIS-DON, INC., Debtor.
State of New Jersey, Division of Taxation, Appellant,
New Jersey Division of Alcoholic Beverage Control, Intervenor Appellant,
v.
United Trust Bank, Appellee,
v.
Chris-Don, Inc., Debtor,
Daniel E. Straffi, Trustee.
Daniel E. Straffi, Appellant,
v.
State of New Jersey, Division of Taxation, Appellee,
United Trust Bank, Appellee,
v.
Chris-Don, Inc., Debtor,
United States Trustee, Trustee.
Bankruptcy No. 01-56546 (RTL), Adv. Pro. No. 03-1815 (RTL), Civil Action No. 04-2660 (MLC), Civil Action No. 04-3670(MLC).
United States District Court, D. New Jersey.
April 28, 2005.
*697 Peter C. Harvey, Attorney General of New Jersey, Tracy E. Richardson, Deputy Attorney General, Trenton, NJ, for Appellant State of New Jersey, Division of Taxation.
Peter C. Harvey, Attorney General of New Jersey, Kevin Marc Schatz, Deputy Attorney General, Trenton, NJ, for Intervenor Appellant New Jersey Division of Alcoholic Beverage Control.
Daniel E. Straffi, Esq., Toms River, NJ, for Appellant Daniel E. Straffi, Chapter 7 Trustee.
Jay Samuels, Esq., Windels, Marx, Lane & Mittendorf, LLP, Princeton, NJ, for Appellee.
COOPER, District Judge.
This matter comes before the Court on appeal from the order of the United States Bankruptcy Court for the District of New Jersey ("Bankruptcy Court") dated April 30, 2004 ("4-30-04 Order"), granting summary judgment in favor of appellee, United Trust Bank ("United"). Appellants, the State of New Jersey Division of Taxation ("NJDOT") and the trustee, Daniel E. Straffi ("trustee"), are joined on this appeal by the intervening appellant, New Jersey Division of Alcoholic Beverage Control ("NJABC"). We have reviewed the papers filed in support of and in opposition to both appeals, and heard oral argument from the parties on March 21, 2005. For the reasons stated, we will reverse the 4-30-04 Order.

BACKGROUND
The debtor in the underlying bankruptcy filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, see 11 U.S.C. § 1101 et seq., on May 29, 2001.[1] (4-30-04 Op. at 3.) The corporate debtor operated a tavern located in Fanwood, New Jersey. (Id.) Mr. Straffi was *698 appointed as Chapter 7 trustee, see 11 U.S.C. § 701 et seq., after the Chapter 11 proceeding was converted to a Chapter 7 proceeding on motion by the United States Trustee. (Id.) One of the debtor's assets was a liquor license issued by the Borough of Fanwood ("the license"). (Id.) The trustee sold the license for a purchase price of $155,000, and held the proceeds pending a determination of the validity of liens attaching to the proceeds. (Id.)
The trustee filed an adversary complaint, seeking a determination of the extent, validity, and priority of any liens attaching to the proceeds from the sale of the license. (Id.) Three parties asserted liens on these proceeds: (1) United, (2) NJDOT, and (3) the State of New Jersey Department of Labor.[2] (Id.)
United's lien stems from a loan of $300,000 it made to the debtor on December 8, 1995 ("the loan"). (Id.) The debtor granted United a security interest in its business assets, including its general intangibles, as collateral for the loan. (Id.) United filed a UCC-1 financing statement with the State of New Jersey on December 27, 1995 for the purpose of perfecting this security interest. (Id.; Appellee Br. at 4.) Before the Bankruptcy Court, United asserted that the debtor owed it $278,830.81 in principal and $83,707.63 in interest. (4-30-04 Op. at 3; Appellee Br. at 4.)
NJDOT obtained a judgment against the debtor in the amount of $33,980.55, and filed a Certificate of Debt based on this claim on April 17, 1997. (4-30-04 Op. at 4; NJDOT Br. at 4-5.)
United, NJDOT, and the trustee each moved for summary judgment before the Bankruptcy Court. (4-30-04 Op. at 4.) United argued that it was entitled to the proceeds of the sale of the license because it had a first-priority security interest in the proceeds. (Id.) The trustee and NJDOT argued that United's lien was not valid because state law precludes a licensee from granting a consensual security interest in a liquor license to a third party. (Id.) The Bankruptcy Court, in deciding the cross motions for summary judgment, was presented with the issue of whether certain revisions to the Uniform Commercial Code ("U.C.C.") negate the anti-alienation provisions of the New Jersey Alcoholic Beverage Control Statute, N.J.S.A. § 33:1-1 et seq. ("ABC Law") (Id.)
I. N.J.S.A. § 33:1-26
The ABC Law, originally enacted by the New Jersey legislature in 1933, prevents a licensee from using a liquor license as collateral for a loan. N.J.S.A. § 33:1-26 provides:
Under no circumstances, however, shall a license, or rights thereunder, be deemed property, subject to inheritance, sale, pledge, lien, levy, attachment, execution, seizure for debts, or any other transfer or disposition whatsoever, except for payment of taxes, fees, interest and penalties imposed by any State tax law for which a lien may attach.
See also Butler Oak Tavern v. Div. of Alcoholic Beverage Control, 20 N.J. 373, 120 A.2d 24, 28 (1956) ("A license to sell intoxicating beverages is not a contract nor does it embody any property right. It is a temporary permit or privilege."). The purpose of N.J.S.A. § 33:1-26 is "to protect the liquor license from any device which would subject it to the control of persons other than the licensee ... be it by pledge, lien, levy, attachment, execution, seizure for debts or the like." Boss Co. v. Bd. of Comm'rs of Atlantic City, 40 N.J. 379, 192 A.2d 584, 588 (1963) (citations omitted).
*699 II. N.J.S.A. § 12A:9-408(c)
The New Jersey legislature enacted revised Article 9 of the U.C.C. in 2001. See N.J.S.A. § 12A:9-101. Section 12A:9-408(c) provides:
Legal restrictions on assignment generally ineffective. Except as provided in subsection (e), a rule of law, statute, or regulation that prohibits, restricts, or requires the consent of a government, governmental body or official, person obligated on a promissory note, or account debtor to the assignment or transfer of, or creation of a security interest in, a promissory note, health-care-insurance receivable, or general intangible, including a contract, permit, license, or franchise between an account debtor and a debtor, is ineffective to the extent that the rule of law, statute, or regulation:
(1) would impair the creation, attachment, or perfection of a security interest.
This section "allows the creation, attachment, and perfection of a security interest in a general intangible" and thus "enhances the ability of certain debtors to obtain credit." N.J.S.A. § 12A:9-408 cmt. 2.
United argued before the Bankruptcy Court that N.J.S.A. § 12A:9-408 overrides the anti-alienation provisions of N.J.S.A. § 33:1-26. (4-30-04 Op. at 9.) NJDOT argued that N.J.S.A. § 33:1-26 addresses liquor licenses specifically while N.J.S.A. § 12A:9-408 addresses assignments generally, and therefore N.J.S.A. § 33:1-26, as the more specific statute, controls when it conflicts with a more general statute like N.J.S.A. § 12A:9-408. (Id.) The Bankruptcy Court agreed with United and found that N.J.S.A. § 12A:9-408 overrides N.J.S.A. § 33:1-26.

DISCUSSION
I. Jurisdiction and Standard of Review
We have appellate jurisdiction over a bankruptcy court's final judgments, orders, and decrees. 28 U.S.C. § 158(a). We review a bankruptcy court's "findings of fact for clear error, its conclusions of law de novo, and its exercises of discretion for abuse of discretion." In re Response U.S.A., Inc., 288 B.R. 88, 92 (D.N.J.2003). Therefore, we review de novo the Bankruptcy Court's legal conclusion that N.J.S.A. § 12A:9-408 overrides N.J.S.A. § 33:1-26.
II. N.J.S.A. §§ 33:1-26 and 12A:9-408
We must determine whether a liquor license is a "general intangible" subject to N.J.S.A. § 12A:9-408(c) such that a statute that impairs the creation of a security interest in the license, i.e. N.J.S.A. § 33:1-26, would be ineffective under Article 9 of the U.C.C., as revised in 2001.
A "general intangible," under New Jersey law, is
any personal property, including things in action, other than accounts, chattel paper, commercial tort claims, deposit accounts, documents, goods, instruments, investment property, letter-of-credit rights, letters of credit, money, and oil, gas, or other minerals before extraction. The term includes payment intangibles and software.
N.J.S.A. § 12A:9-102(a)(42). For a liquor license to be a general intangible, then, it first must be found to be personal property. The revised U.C.C. Article 9, as enacted in New Jersey, does not define "personal property." "Neither this section nor any other provision of this Article determines whether a debtor has a property interest.... Other law determines whether a debtor has a property interest (`rights *700 in the collateral') and the nature of that interest." N.J.S.A. § 12A:9-408 cmt. 3.
NJDOT argues that N.J.S.A. § 33:1-26 is the "other law" that determines whether the debtor has a property interest in the liquor license. (NJDOT Br. at 17.) We agree. Under N.J.S.A. § 33:1-26, the "clear legislative pronouncement that liquor licenses are not property has been consistently supported by case law, all of the cases holding that a license to sell intoxicating liquor is not ... a property right." Sea Girt Rest. & Tavern Owners Assoc. v. Borough of Sea Girt, 625 F.Supp. 1482, 1486 (D.N.J.1986).
Courts have held that a liquor license may be considered property in certain specific contexts. See Sea Girt, 625 F.Supp. at 1487-88 (finding liquor license to be interest in property for purposes of federal due process analysis); Boss, 192 A.2d at 586-88 (finding liquor license to be property for purposes of federal tax lien). However, such circumstances are limited. See Sea Girt, 625 F.Supp. at 1488 n. 4 (noting that the holding in Boss was limited specifically to the context of federal tax liens and stating similarly that "[t]his Court's holding that a license is property subject to federal due process protection in no way undermines the established state licensing scheme"); Boss, 192 A.2d at 588 ("The liquor license, although transferable, is still to be considered a temporary permit or privilege, and not property ... Likewise, the vitality of N.J.S.A. [§] 33:1-26 is in no way diminished."). While Sea Girt (a 1986 decision) and Boss (a 1963 decision) acknowledged federal law exceptions to the statutory determination that a liquor license is not property, both cases recognized N.J.S.A. § 33:1-26 as the statute that defines the status of liquor licenses under New Jersey law, i.e. not property, and both noted the statute's continuing vitality.
The Bankruptcy Court, however, found that N.J.S.A. § 33:1-26 was repealed specifically when the legislature enacted the Article 9 revisions in 2001. (4-30-04 Op. at 9.) N.J.S.A. § 12A:9-408(e) provides:
Section prevails over specified inconsistent law. Except to the extent otherwise provided in subsection (f), this section prevails over any inconsistent provision of an existing or future statute, rule or regulation of this State, unless the provision is contained in a statute of this State, refers expressly to this section and states that the provision prevails over this section.
N.J.S.A. § 12A:9-408(e). Subsection (f) provides that subsection (c) does not apply to certain listed statutes that address workers' compensation claims, state lottery winnings, and structured settlement agreements. N.J.S.A. § 12A:9-408(f). The Bankruptcy Court found that the plain language of N.J.S.A. § 12A:9-408 provides that it overrides N.J.S.A. § 33:1-26 because N.J.S.A. § 33:1-26 is an inconsistent statute not listed in N.J.S.A. § 12A:9-408(f)'s exceptions. (4-30-04 Op. at 9-10.)
We presume, in interpreting a statute, that the legislature was "familiar with its own enactments, with judicial declarations relating to them, and ... passed or preserved cognate laws with the intention that they be construed to serve a useful and consistent purpose." State v. Greeley, 178 N.J. 38, 834 A.2d 1016, 1021 (2003) (emphasis in original) (citations omitted). When the legislature enacted N.J.S.A. § 12A:9-408, the law regarding liquor licenses was clear: (1) N.J.S.A. § 33:1-26 provided that liquor licenses were not to be deemed property, except for tax purposes and (2) with narrow exceptions, the "clear legislative pronouncement that liquor licenses are not property [had] been consistently supported by case law," Sea Girt, 625 F.Supp. at 1486. The legislature *701 enacted Article 9, which by its own terms applies to personal property as such property is defined by other law, against a backdrop of New Jersey law that provides that a liquor license is not property except in regard to state and federal tax liens and federal due process requirements. See Sea Girt, 625 F.Supp. at 1487-88; Boss, 192 A.2d at 586-88.
N.J.S.A. § 12A:9-408(c) renders ineffective statutes that restrict security interests in general intangibles. N.J.S.A. § 12A:9-102(a)(42) defines "general intangible" to include personal property. But Article 9 of the U.C.C. deliberately does not define the term "personal property." See N.J.S.A. § 12A:9-408 cmt. 3 (noting that Article 9 does not define personal property).[3] That definition is supplied, in the case of liquor licenses issued in New Jersey, by the ABC Law that expressly and emphatically defines such licenses as "not property." We hold, therefore, that Article 9 of the U.C.C., as amended in New Jersey in 2001, does not include a liquor license as a general intangible. Accordingly, a liquor license remains unavailable as collateral for a security interest under New Jersey's current statutory scheme. In so holding, we find that N.J.S.A. § 12A:9-408(c) is not inconsistent with N.J.S.A. § 33:1-26. We find also that N.J.S.A. § 12A:9-408(c) does not override or repeal N.J.S.A. § 33:1-26.
United argues that we should "[look] behind the legislative `labels' to evaluate whether a liquor license is property in a `functional sense,'" as the court did in Sea Girt. (Appellee Br. at 16.) See Sea Girt, 625 F.Supp. at 1487-88. The Sea Girt court determined that a liquor license possesses attributes similar to property and therefore could be considered property for purposes of federal due process analysis. Id. We do not find a similar functional inquiry to be necessary here. Unlike the court in Sea Girt, we are asked to determine whether an allegedly inconsistent statute overrides the legislature's earlier pronouncement that a liquor license is not property. Read in conjunction, N.J.S.A. § 33:1-26 and N.J.S.A. § 12A:9-408 plainly provide that a liquor license is not property and therefore is not subject to Article 9.
III. Policy
The parties have advanced competing public policy arguments in connection with their opposing positions. Appellants argue that policy concerns support reversing the Bankruptcy Court's order. NJABC argues that it and 525 local license issuing authorities oversee approximately 12,500 licenses and they depend on N.J.S.A. § 33:1-26 to prevent undisclosed interests from attaching to liquor licenses, e.g., to prevent criminals or other unregulated parties from infiltrating the alcoholic beverage industry. (Interven. Br. at 22-33.) United argues that the Bankruptcy Court's order will not disrupt the state's regulatory scheme for alcohol control; e.g., an otherwise unqualified person will not be able to obtain a security interest in a license. (Appellee Br. at 18-24.) We will *702 not rely on such policy concerns to contradict the clear direction given by the legislature on this issue. The legislature may determine in the future that policy considerations support allowing third parties to hold security interests in liquor licenses. We merely hold that the legislature did not implement such a policy shift when it enacted the 2001 revisions to U.C.C. Article 9 in New Jersey.[4]

CONCLUSION
For the reasons stated supra, we will reverse the Bankruptcy Court's order of April 30, 2004. We will issue a separate order and judgment.[5]
NOTES
[1] Because the parties do not dispute the Bankruptcy Court's findings of fact on appeal, we base our brief factual overview on the Bankruptcy Court's opinion dated April 30, 2004 ("4-30-04 Opinion").
[2] The State of New Jersey Department of Labor is not a party to this appeal.
[3] We disagree with United's assertion that a liquor license is a general intangible. (See Appellee Br. at 12-13.) A liquor license may be considered a general intangible in other states, but as the Bankruptcy Court noted, "the courts holding that a liquor license is a general intangible did not have a state statute such as [N.J.S.A. § 33:1-26] stating that a license is not property." (4-30-04 Op. at 13.) United cites First Pa. Bank, N.A. v. Wildwood Clam Co., 535 F.Supp. 266 (E.D.Pa.1982), which compared clamming licenses and liquor licenses under New Jersey law. Wildwood Clam does not support United's conclusion because in that case the court (1) did not interpret the definition of "general intangible" found in the revised Article 9, and (2) did not find that a New Jersey liquor license was a general intangible that could be subject to a security interest. Id. at 268-69.
[4] The parties point to no mention of the ABC Law or liquor licenses in the legislative history of the 2001 amendments to U.C.C. Article 9, and our review of that history has found none.
[5] The trustee's appeal, Civ. Act. No. 04-3670, presents the same issue as NJDOT's appeal.